UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DYLAN FORD,

     Plaintiff,

v.                                                      Case No. 1:26-cv-106-MW-HTC

RODNEYSE BICHOTTE-HERMELYN,
et al.,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Dylan Ford, proceeding *pro se*, filed a complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2), which were received by this Court on May 6, 2026.  After reviewing the complaint and Ford's litigation history, the undersigned recommends this case be DISMISSED without prejudice as malicious, as it is duplicative of cases Ford has filed in district courts throughout the country.

Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss an action that is frivolous or malicious.[1]  The filing of a duplicative complaint is considered "an

---

[1] By moving to proceed *in forma pauperis*, Ford has invoked the screening provisions of 28 U.S.C. § 1915(e)(2)(B).  *See Whitted v. Sarasota Mem'l Hosp.*, 2024 WL 4392784, at *1 n.1 (M.D. Fla. Oct. 3, 2024) (construing a *pro se* litigant's "failure to pay the filing fee as a request to proceed *in forma pauperis*" when screening and dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)).  However, because this case should be dismissed *sua sponte*, the motion to proceed *in forma pauperis* will be denied as moot by separate order.

abuse of the judicial process" and the complaint "is properly dismissed without prejudice as malicious[.]" *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021).

In this case, Ford's complaint states, in its entirety:

1. Brian Gotlieb and Joy Campanelli obstructed justice,
2. Rodneyse Bichotte-Hermelyn participated in the process,
3. The compensation amount is to be decided by the jury.

Doc. 1 at 1.

A review of Ford's litigation history on PACER reveals Ford has filed the exact same complaint against the same Defendants in at least thirty (30) district courts throughout the country. *See, e.g.,* E.D. Tenn. Case No. 2:26-cv-104 (complaint docketed May 4, 2026); S.D. Ind. Case No. 1:26-cv-876 (complaint docketed April 30, 2026); M.D. Ala. Case No. 2:26-cv-303 (complaint docketed on April 30, 2026, and dismissed on May 1, 2026, for failure to state a claim and as frivolous); D. Kan. Case. No. 5:26-cv-4048 (complaint docketed on May 4, 2026, and dismissed on May 5, 2026, for failure to state of claim and acknowledging "Ford is engaged in a pattern of vexatious litigation throughout the country").

Because this case is duplicative of cases Ford filed in other federal courts, including cases that were opened before this one, this case should be dismissed without prejudice as malicious.[2] *See Daker*, 999 F.3d at 1310 (affirming dismissal

---

[2] Dismissal of this case is also appropriate because Ford's complaint does not: (1) contain a short and plain statement of the grounds for the court's jurisdiction; (2) contain a short and plain

of complaint as malicious when complaint contained claims duplicative of claims plaintiff had already asserted in two other pending civil actions).

Accordingly, it is RECOMMENDED that:

1.      This case be DISMISSED without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

2.      The clerk close the file.

At Pensacola, Florida, this 11th day of May, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

statement of the claim showing that the pleader is entitled to relief; or (3) show that venue is proper in this district. *See* Fed. R. Civ. P. 8(a); 28 U.S.C. § 1406(a).

Case No. 1:26-cv-106-MW-HTC